# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 2:09CR00016 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **RUFUS EZRA NEELEY**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant objects to proposed modifications of his supervised release, arguing that the restrictions, relating generally to sex offenders, are unreasonable and unrelated to his federal firearm conviction. While I agree that several of the proposed restrictions should not be imposed, others are necessary given the defendant's prior criminal history.

I

The defendant, Rufus Ezra Neeley, was indicted in the Eastern District of Tennessee on four charges related to his possession of a sawed-off shotgun.[1]  Neeley

---

[1] A woman alleged that Neeley had threatened to kidnap her so he could marry her. When officers arrested Neeley outside the woman's house they found a knife, ammunition,

pled guilty to one count of the indictment, possession of a firearm by a convicted felon, and on December 16, 2003, he was sentenced to 87 months imprisonment followed by three years of supervised release.

Upon his release from prison, Neeley wished to reside in this judicial district, and his supervision was accepted by this court. Because of his prior state convictions for sexual offenses, a probation officer of this court has filed a petition seeking to modify the conditions of supervision imposed upon Neeley when he was sentenced in 2003.

In 1986, Neeley was convicted by a jury of molesting his eight-year-old daughter and sentenced to three and a half years in prison. In 1995, he was convicted by a jury of inappropriate sexual contact with a ten-year-old girl and sentenced to six years imprisonment. Neeley's parole from this latter conviction was revoked on two separate occasions because he failed to register as a sex offender and to participate in sex offender counseling. Neeley also has prior convictions for driving while intoxicated and a conviction for soliciting a prostitute. Neeley is now 60 years old.

The present petition seeks to impose upon Neeley additional conditions of supervision as set forth in the so-called Tier III Sex Offender Conditions, a copy of

---

and a sawed-off shotgun in Neeley's car.

which is attached hereto as an appendix.[2] Among other things, these conditions included a 7 P.M. to 7 A.M. curfew, the prohibition against use or possession of devices that can access the Internet, a ban on the possession of pornography, "erotica,"[3] or sexually oriented material, and mandatory participation in a sex offender treatment program. Under these restrictions, Neeley could not live or directly associate with children under the age of 18, and he could not purchase, possess, or use alcohol.

Neeley objected to the proposed conditions and sought a hearing as to the modification of his supervised release terms. That hearing has been held and for the following reasons, Neeley's objections will be granted in part and denied in part.

II

Under 18 U.S.C.A. § 3583(e)(2) (West 2000 & Supp. 2009), the court may modify the terms of a defendant's supervised release, after consideration of the

---

[2] This court has adopted these conditions as a standard, subject to modification by the sentencing judge, for supervision in cases involving sex offenses. Standing Order No. 07-1 (W.D. Va. Aug. 20, 2007).

[3] Erotica is literature or art that tends to arose sexual desire or excitement. *Oxford American Dictionary of Current English* 263 (pocket ed. 2002).

normal sentencing factors established by 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009).

When imposing conditions for supervised release, district courts have broad discretion. *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003). Although these conditions must be reasonably related to the purposes behind sentencing, courts may consider a variety of factors including the nature of the crime, the defendant's characteristics and criminal history, and the need to protect the public from future crimes. 18 U.S.C.A. § 3553(a); *Dotson*, 324 F.3d at 260. Special conditions that limit a defendant's liberty must not involve a greater deprivation than reasonably necessary. *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009). While a restriction does not need an "offense-specific nexus," it must reasonably relate to the goals of supervised release. *United States v. Perazza–Mercado*, 553 F.3d 65, 70 (1st Cir. 2009). And, the court must adequately explain its reasons for imposing the conditions. *Armel*, 585 F.3d at 186.

Restrictions upon a defendant's Internet access during supervised release have been upheld when a defendant has used the Internet in the underlying offense, has a history of using the Internet for illegal conduct, or certain "characteristics of the defendant suggested that such a restriction was warranted." *Perazza–Mercado*, 553 F.3d at 70–71.

III

Neeley asserts the proposed modifications should not be imposed because they have no proper relation to his federal firearm conviction. While he objects to any of the proposed conditions, he particularly objects to the imposition of a curfew, the prohibition on access to the Internet, and the ban upon his possession of sexually stimulating material.

I find that the computer-based restrictions and curfew involve a greater deprivation of rights than is reasonably necessary. There is nothing in Neeley's background that indicates Neeley has engaged in illicit activity on the Internet. Neeley's prior offenses did not involve Internet activity or computers. Although Neeley disclaims any interest in computers or the Internet, a total prohibition on electronic devices connecting to the Internet is unreasonable. Moreover, the suggested curfew is unreasonable in light of Neeley's background and his aim of finding employment as a construction worker, which could require reporting to job sites early in the morning.

On the other hand, the restrictions limiting Neeley's association with children, or individuals who have young children, are reasonable given Neeley's background and my duty to protect the public from future crimes. Neeley was convicted for

molesting young girls and he repeatedly failed to comply with the terms of his parole. Neeley's criminal history supports the reasonable inference that he poses a genuine threat to children and that he should not be permitted to freely associate with them.

The ban on Neeley's possession of pornography and sexually stimulating material is also reasonable considering Neeley's history of sex offenses and his prior behavior toward women. In addition to his child molestation convictions, Neeley was also convicted for soliciting a prostitute. Neeley's federal conviction stemmed from his alleged threat to kidnap a woman whom he wanted to marry. A ban upon pornographic and sexually stimulating material could aid with Neeley's rehabilitation and help deter future crimes against women. The condition requiring submission to search will allow enforcement of that ban.

For similar reasons, I also will uphold the prohibition upon Neeley's use or possession of alcohol. Neeley has three convictions for driving while intoxicated, he has abused marijuana several times, and he has declined substance abuse counseling. Based upon Neeley's background, it appears that his alcohol abuse may lead him to commit criminal acts. The ban on use or possession of alcohol provides a deterrent against future criminal conduct by Neeley and serves to protect others.

Neeley asserts that under *Armel*, the proposed modifications are "ill-advised" because they have no direct nexus to his firearms conviction. (Def.'s Objections ¶ 6.)

I disagree. In *Armel,* the Fourth Circuit did not hold that the restrictions imposed upon the defendant were invalid because they were unrelated to his federal conviction. 585 F.3d at 186–87. Rather, the court held it could not determine whether the restrictions were warranted because the district court had failed to offer an adequate explanation for them.

Although the computer restrictions and curfew are unreasonably related to Neeley's history and characteristics, the other restrictions are directly connected to Neeley's background and the considerations outlined in § 3553. Contrary to Neeley's assertion, § 3553 instructs me to consider more than the conviction for which the defendant was sentenced. Therefore, I find that the restrictions related to children, sexually stimulating material, and alcohol are warranted given Neeley's repeated molestation of children, his questionable behavior toward adult women, his alcohol abuse, and his past refusals to comply with supervision conditions.

IV

For these reasons, it is **ORDERED** that the objections to the imposition of Tier III conditions numbered 10, 15, 17, 18, and 19 are sustained, and the objections to the remaining conditions are denied. Accordingly, it is **ORDERED** that the defendant's

conditions of supervision are modified to add Tier III conditions numbered 1 through 9, 11 through 14, and 16.

                ENTER: December 29, 2009

                /s/ JAMES P. JONES
                Chief United States District Judge

Appendix

Tier III Sex Offender Conditions

1. The defendant must have no direct or indirect contact with the victim(s). The defendant must not associate with children under the age of eighteen (18) except in the presence of a responsible adult, who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer. Should the defendant have incidental contact with a child, the defendant must immediately withdraw from the situation and notify the probation officer within twenty-four (24) hours of this contact.

2. The defendant must participate in a mental health or sex offender treatment program as directed by the probation officer. The defendant must comply with all recommended treatment, which may include psychological or physiological testing, i.e., a polygraph, a plethysmograph, or an ABEL assessment. The defendant must maintain use of all prescribed medications.

3. The defendant must have all changes in residence and employment pre-approved by the probation officer five (5) days prior to any such change.

4. The defendant must not possess or use any form of pornography or erotica, nor enter any location where pornography or erotica can be accessed, obtained, or viewed, including electronically accessed materials.

5. The defendant must not possess any sexually oriented or stimulating material deemed inappropriate by the probation officer, or patronize any place where such material or entertainment is available.

6. The defendant must not reside in or visit any residence where minor children also reside without the approval of the probation officer.

7. The defendant must not view, purchase, or possess any images depicting minors, or actors representing themselves to be under the age of eighteen (18), engaged in sexual activity.

8. The defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of eighteen (18), except as approved by the probation officer.

9. The defendant must submit to a search of the defendant's person, property, house, residence, vehicle, papers, computer, and other electronic communication or data storage devices or media at any time, with or without a warrant, by any law enforcement or probation officer (in the lawful discharge of the probation officer's supervision functions) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to such a search may be grounds for revocation. The defendant must warn any other residents or occupants that their premises or vehicles may be subject to search pursuant to this condition.

10. The defendant must submit to unannounced examination of the defendant's computer equipment by the probation officer, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the defendant's computer any hardware or software system to monitor the defendant's computer use.

11. As required, the defendant must register with the state sex offender registration agency where the defendant will reside, work, carry on a vocation, or attend school. Following initial registration, the defendant must re-register as required by such state agency, and should the defendant move, the defendant must notify such state agency of the change in address.

12. The defendant must not loiter within 100 feet of any school property, playgrounds, arcades, childcare facilities, swimming pools, or other places primarily used by children under the age of eighteen (18).

13. The defendant must not rent a post office box or storage unit without prior approval of the probation officer.

14. The defendant must not form a romantic interest or sexual relationship with a person who has physical custody of any child under the age of eighteen (18).

15. The defendant must consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon the defendant.

16. The defendant must not purchase, possess, use, or administer any alcohol, or frequent any businesses whose primary function is to serve alcoholic beverages.

17. The defendant must not use, possess, procure, or otherwise obtain any electronic device that can be linked to any computer networks, bulletin boards, Internet service providers, or exchange formats involving computers.

18. The defendant must remain at the defendant's place of residence from 7 P.M. until 7 A.M.

19. The defendant must provide the probation officer with any requested financial information in order to verify that no payments have been made to an Internet service provider or other entity that provides access to the Internet.